# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 22-0472V

|  |  |
|---|---|
| GINA CRETE,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: June 3, 2024 |

*Ronald Craig Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.

*Alec Saxe*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On April 27, 2022, Gina Crete filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). On February 10, 2023, Petitioner filed an amended petition. Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") resulting from a tetanus diphtheria acellular pertussis ("Tdap") vaccine received on May 29, 2019. Petition at 1. Petitioner further alleges that the vaccine was received in the United States, she suffered the residual effects of her injury for more than six months, and no lawsuits have been filed or settlements or awards accepted by anyone, including Petitioner, due to her vaccine-related injury. Petition at ¶¶ 2, 25-27. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 29, 2024, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On June 3, 2024, Respondent filed a proffer on award of

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

compensation ("Proffer") indicating Petitioner should be awarded $68,494.76. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $68,494.76 (comprised of $67,500.00 in pain and suffering and $994.76 for past unreimbursable expenses) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| GINA CRETE,<br><br>            Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,<br><br>            Respondent. | No. 22-472 (ECF)<br>Chief Special Master Corcoran |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On April 27, 2022, Gina Crete ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of a tetanus-diphtheria-acellular-pertussis ("Tdap") vaccination she received on May 29, 2019.  Petition at 1.[1]

On January 29, 2024, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury, and on January 29, 2024, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.  ECF No. 41; ECF No. 42.

---

[1] Petitioner filed an amended petition ("Amended Petition") on February 10, 2023, in which she made the same allegation of suffering a SIRVA resulting from the administration of the vaccine in question.  Amended Petition at 1.  The Amended Petition simply provided more factual details regarding petitioner's claim.

**I.     Items of Compensation**

    A.     Pain and Suffering

Respondent proffers that petitioner should be awarded $67,500.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

    B.     Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $994.76.  *See* 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

**II.    Form of the Award**

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[2]:  a lump sum payment of $68,494.76, in the form of a check payable to petitioner.

**III.   Summary of Recommended Payment Following Judgment**

Lump sum payable to petitioner, Gina Crete:     **$68,494.76**

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

        Respectfully submitted,

        BRIAN M. BOYNTON
        Principal Deputy Assistant Attorney General

        C. SALVATORE D'ALESSIO
        Director
        Torts Branch, Civil Division

        HEATHER L. PEARLMAN
        Deputy Director
        Torts Branch, Civil Division

        COLLEEN C. HARTLEY
        Assistant Director
        Torts Branch, Civil Division

        <u>/s/ Alec Saxe</u>
        ALEC SAXE
        Trial Attorney
        Torts Branch, Civil Division
        U.S. Department of Justice
        P.O. Box 146, Benjamin Franklin Station
        Washington, D.C. 20044-0146
        Tel:  (202) 353-7722
        E-mail:  Alec.Saxe@usdoj.gov

DATED:  June 3, 2024